**FILED**

FEB 1 4 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHUKWUMA E. AZUBUKO,                )
                                                                )
                           Plaintiff,                          )
                                                                )
                 v.                                            )          Civil Action No.   11 0368
                                                                )
DEPUTY CLERK DELILAH CARMONA, *et al.*,   )
                                                                )
                           Defendants.                      )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The court will grant the application to proceed *in forma pauperis* and dismiss the complaint.[1]

Plaintiff brings this action against the Clerk and a Deputy Clerk of the United States Court of Appeals for the Second Circuit. According to plaintiff, these defendants continually deny him "his irreducible minimum constitutional rights," Compl. at 1, by refusing to accept papers he wishes to file in cases which already have been closed, *see id.* at 1-2. He demands damages totaling $26.3 million. *Id.* at 6.

In general, judges are immune from suit for money damages, *see, e.g., Mireles v. Waco*, 502 U.S. 9 (1991), and "[c]ase law has recognized that the protection of judicial immunity is not

---

[1]       The Court notes that the United States District Court for the District of Massachusetts has enjoined plaintiff from filing further actions there because of his lengthy history of filing frivolous actions. *See* Memorandum and Order, *Azubuko v. Empire Ins. Co.*, No. 07-11958 (D. Mass. Nov. 1, 2007) (dismissing action with prejudice and imposing sanctions). The Court also notes that plaintiff has attempted to circumvent that court's injunction orders by filing suits in other districts, including the District of Columbia, only to have them transferred to the District of Massachusetts. *See* Memorandum and Order for Dismissal, *Azubuko v. Boston Police Officer Renee Vargas*, Misc. No. 10-10347 (D. Mass. Oct. 25, 2010).

confined only to judges but may extend to other officers of government whose duties are related to the judicial process." *Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 192 (D.D.C. 2005) (citations omitted). In this Circuit, absolute judicial immunity extends to clerks of the court. *Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993) (per curiam). "[I]mmunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction.'" *Id.* at 1461 (quoting *Mullis v. United States Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987)). Decisions to accept or reject a litigant's filings are basic and integral to the court's function and such decisions fall within the defendants' jurisdiction. The Court will dismiss the complaint in its entirety because judicial immunity protects the defendants from suit. *See Hurt v. Clerks, Superior Court of District of Columbia*, No. 06-5308, 2006 WL 3835759, at *1 (D.C. Cir. Dec. 22, 2006) (per curiam) (affirming the dismissal of an action against judicial clerks to whom absolute judicial immunity is extended); *McAllister v. District of Columbia*, 653 A.2d 849, 851 (D.C. 1995) (holding that "court clerks, like judges, should be immune from damage suits for performing tasks that are integrally related to the judicial process.").

An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

DATE: *Feb. 4, 2011*